IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

THE MEDICAL PROTECTIVE COMPANY   §
                                         §
        Plaintiff               §
                                         §
VS.                               §         CIVIL ACTION NO. 6:22-cv-00223
                                       §
MATT E. HIPKE, M.D.,              §
MATT E. HIPKE, M.D., P.L.L.C. d/b/a    §
ADOLESCENT CARE TEAM, et al.      §
                                       §
        Defendants         §

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff The Medical Protective Company ("MedPro"), and files this Original Complaint seeking a declaratory judgment regarding the rights and other legal relations between MedPro and Defendants.  The defendants include not only Matt E. Hipke, M.D. ("Dr. Hipke") and Matt E. Hipke, M.D., P.L.L.C. d/b/a Adolescent Care Team ("Hipke PLLC"), but also the plaintiffs in five underlying state court lawsuits that are currently pending in Gregg County, Texas.  Med Pro respectfully shows the Court as follows.

### I.  BRIEF SUMMARY OF THE CASE

1.      This case involves a breach of contract claim and an insurance coverage dispute.

2.      MedPro issued professional liability Claims Made Policy No. 596193 ("the Policy") to Dr. Hipke.  Hipke PLLC is a solo corporation that is an additional insured under the Policy.  The Policy was effective from October 10, 2019 to August 31, 2020, and had an extended claim filing period pursuant to an Extension Contract Endorsement.  A true and correct copy of the Policy is attached as Exhibit A.

3.      Dr. Hipke and Hipke PLLC ("Hipke") have been sued by several plaintiffs ("the underlying plaintiffs") in five state court lawsuits ("the underlying lawsuits") that are currently pending in Gregg County, Texas.  The underlying lawsuits include:

a.      Cause No. 2020-1817-CCL2:  *Heather Jolicoeur as next friend of C.B., a minor v. Matt E. Hipke, M.D. and Matt E. Hipke, M.D., PLLC d/b/a Adolescent Care Team*, pending in Gregg County Court at Law No. 2;

b.      Cause No. 2020-1931-A:  *Jane Doe No. 1, as parent and next friend of John Doe No. 1, a minor, et al. v. Matt E. Hipke, M.D. and Matt E. Hipke, M.D., PLLC d/b/a Adolescent Care Team*, pending in the 188th Judicial District Court of Gregg County, Texas;

c.      Cause No. 2020-2165-A:  *Andrea Causey, individually and as next friend of T.C., a minor child v. Matt E. Hipke, M.D. and Matt E. Hipke, M.D., PLLC d/b/a The Adolescent Care Team*, pending in the 188th Judicial District Court of Gregg County, Texas;

d.      Cause No. 2021-32-CCL2:  *David Phillips and Joan R. Phillips, individually and as next friends of minors John Doe and James Doe v. Matt E. Hipke, M.D. and Matt E. Hipke, M.D., PLLC d/b/a Adolescent Care Team*, pending in Gregg County Court at Law No. 2;

e.      Cause No. 2021-1710-CCL2:  *G. G. v. Matt E. Hipke, M.D. and Matt E. Hipke, M.D., PLLC d/b/a The Adolescent Care Team*, pending in Gregg County Court at Law No. 2.

True and correct copies of the current petitions in the underlying lawsuits are attached as Exhibits 2-6.

4.      MedPro sent Hipke several reservations of rights regarding various coverage issues presented in the underlying lawsuits.  Subject to these reservations of rights, MedPro is currently providing Hipke with a defense in the underlying lawsuits.

5.      In all of the underlying lawsuits, Hipke are alleged to have engaged in (or to otherwise be liable for) non-consensual sex acts with minor children and/or to have sexually assaulted, molested and/or abused minor children.

6.      In some of the underlying lawsuits, Hipke are alleged to have participated in fraudulent asset transfers, and/or attempted fraudulent asset transfers, in order to make themselves "judgment proof."

7.      Condition 1 of the Policy requires Hipke to provide MedPro, with respect to the underlying lawsuits, "full information relative to the services rendered" and "any and all other papers relating to" the insurance coverage issues, disputed factual issues and/or disputed legal issues presented in the underlying lawsuits.

8.      Compliance with Condition 1 is a condition precedent to coverage.

9.      Condition 2 of the Policy requires Hipke to "at all times fully cooperate with [MedPro] in any claim" under the Policy and to "assist in the preparation and trial of any such claim."  This provision in the Policy is commonly referred to as "the cooperation clause."

10.     Compliance with the cooperation clause is a condition precedent to coverage.

11.     Dr. Hipke is the only person who can provide testimony regarding certain facts that are (or that might be) relevant or determinative as to insurance coverage issues, disputed factual issues and/or disputed legal issues presented in the underlying lawsuits.

12.     However, Dr. Hipke has refused to testify regarding the factual and legal allegations in the underlying lawsuits.  Instead, he has chosen to invoke his constitutional rights against self-incrimination.  A true and correct copy of the transcript of his deposition is attached as Exhibit 7.

13.     Further, Hipke have refused to provide requested documents and information regarding certain facts that are (or that might be) relevant or determinative as to insurance coverage issues, disputed factual issues and/or disputed legal issues presented in the underlying lawsuits.

14.     Hipke's refusal to testify and to provide documents and information regarding the allegations and issues presented in the underlying lawsuits constitutes a breach of contract (specifically, a breach of Condition 1 and a breach of the cooperation clause).

15.     MedPro has been prejudiced by Hipke's breach of Condition 1.

16.     MedPro has been prejudiced by Hipke's breach of the cooperation clause.

17.     Because MedPro has been prejudiced by Hipke's failure to satisfy one or more conditions precedent to coverage, MedPro is discharged from any obligation under the Policy.

18.     Endorsement 825 of the Policy requires Hipke to "inform [MedPro] of any changes to his or her practice."  The material changes within the scope of Hipke's duty to inform include, among others, changes in "a specialty, procedure performed, or training" as well as "the revocation, suspension, or restriction of the Insured's professional license" and/or "any criminal indictment."

19.     When MedPro is made aware of a material change regarding Hipke's practice, the Policy provides that Med Pro has the right to "exclude the new practice characteristics from coverage."

20.     MedPro is entitled to exclude from coverage any material changes to Dr. Hipke's practice as provided in the Policy.

21.     The Policy's scope of coverage is limited in the insuring agreement to claims that are "based upon professional services rendered, or which should have been rendered, … in the practice of the Insured's profession as hereinafter limited and defined."

22.     The claims asserted in the underlying lawsuits are not within the Policy's scope of coverage.

23.    There is no coverage under the Policy for the allegations against Dr. Hipke in the underlying lawsuits.

24.    There is no coverage under the Policy for the allegations against Hipke, PLLC in the underlying lawsuits.

25.    There is no coverage under the Policy for the damages sought against Dr. Hipke in the underlying lawsuits.

26.    There is no coverage under the Policy for the damages sought against Hipke, PLLC in the underlying lawsuits.

27.    MedPro has no duty to defend Hipke (or anyone else) with respect to any of the underlying lawsuits.

28.    The same reasons that negate the duty to defend likewise negate any possibility that MedPro will ever have a duty to indemnify Hipke (or anyone else) for any settlement or judgment relating to any of the underlying lawsuits.

29.    Even if MedPro had a duty to defend Hipke (or anyone else) with respect to any of the underlying lawsuits, MedPro would never have a duty to indemnify Hipke (or anyone else) for any settlement or judgment relating to any of the underlying lawsuits.

30.    MedPro respectfully requests that this Court enter a declaratory judgment that MedPro has (a) no obligations under the Policy because Hipke has breached Condition 1 of the Policy and this breach has prejudiced MedPro, (b) no obligations under the Policy because Hipke has breached the cooperation clause of the Policy and this breach has prejudiced MedPro, (c) the right to exclude from coverage any material changes to Dr. Hipke's practice as provided in the Policy, (d) no duty to defend Dr. Hipke or Hipke, PLLC (or anyone else) in the underlying

lawsuits and/or (e) no duty to indemnify Dr. Hipke or Hipke, PLLC (or anyone else) for any settlement or judgment relating to the underlying lawsuits.

31.      The underlying plaintiffs are proper parties (and are, in fact, indispensable parties) to this declaratory judgment action because they are named parties in the underlying lawsuits.

## II.  PARTIES

32.      MedPro issued the Policy.

33.      MedPro is incorporated in Indiana and has its principal place of business in Indiana.  Therefore, it is a citizen and resident of Indiana.

34.      Dr. Hipke is the named insured in the Policy.

35.      Dr. Hipke is a defendant in the underlying lawsuits.

36.      Dr. Hipke is a citizen and resident of Texas.  He is currently being held, or has recently been held, in the Gregg County Jail.  He can be served with process at (a) South Jail Facility, Gregg County Courthouse - Fifth Floor, 101 East Methvin, Longview, Texas 75601; (b) North Jail Facility, 101 West Whaley, Longview, Texas 75601; or (c) Marvin A. Smith Facility, 5424 FM 1252 West, Gladewater, Texas 75647.  Alternatively, he can be served with process at his home address of 109 Bella Terra Drive, Longview, Texas 75605 or wherever else he may be found.

37.      Hipke, PLLC is an additional insured under the Policy.

38.      Hipke, PLLC is a defendant in the underlying lawsuits.

39.      Hipke, PLLC, to the extent that it exists as an ongoing business entity, is a citizen and resident of Texas.  It can be served with process through its president and/or registered agent for service of process Matt E. Hipke at (a) South Jail Facility, Gregg County Courthouse - Fifth Floor, 101 East Methvin, Longview, Texas 75601; (b) North Jail Facility, 101 West Whaley,

Longview, Texas 75601; (c) Marvin A. Smith Facility, 5424 FM 1252 West, Gladewater, Texas 75647 or (d) 109 Bella Terra Drive, Longview, Texas 75605 or wherever else he may be found.

40.     Heather Jolicoeur as next friend of C.B., a minor, is a plaintiff in one of the underlying lawsuits.  She is, based on information and belief, a citizen and resident of Texas.  She can be served with process by serving her attorney in her underlying lawsuit:  Ross Leonoudakis, Nix Patterson, L.L.P., 3600 N. Capital of Texas Hwy., Building B, Suite 350, Austin, Texas 78746.

41.     Jane Doe No. 1, as parent and next friend of John Doe No. 1, a minor, is a plaintiff in one of the underlying lawsuits.  She is, based on information and belief, a citizen and resident of Texas.  She can be served with process by serving her attorney in her underlying lawsuit:  R. Daniel Sorey, Sorey, Gilliland & Hull, LLP, 109 W. Tyler Street, Longview, Texas 75601.

42.     Jane Doe No. 2, as parent and next friend of John Doe No. 2, a minor, is a plaintiff in one of the underlying lawsuits.  She is, based on information and belief, a citizen and resident of Texas.  She can be served with process by serving her attorney in her underlying lawsuit:  R. Daniel Sorey, Sorey, Gilliland & Hull, LLP, 109 W. Tyler Street, Longview, Texas 75601.

43.     Jane Doe No. 3, as parent and next friend of John Doe No. 3a and John Doe No. 3b, minor children, is a plaintiff in one of the underlying lawsuits.  She is, based on information and belief, a citizen and resident of Texas.  She can be served with process by serving her attorney in her underlying lawsuit:  Ross Leonoudakis, Nix Patterson, L.L.P., 3600 N. Capital of Texas Hwy., Building B, Suite 350, Austin, Texas 78746.

44.     Jane Doe No. 4, as parent and next friend of John Doe No. 4, a minor, is a plaintiff in one of the underlying lawsuits.  She is, based on information and belief, a citizen and resident of Texas.  She can be served with process by serving her attorney in her underlying lawsuit:  Ross Leonoudakis, Nix Patterson, L.L.P., 3600 N. Capital of Texas Hwy., Building B, Suite 350, Austin, Texas 78746.

45.     Jane Doe No. 5, as next friend and guardian of Joan Doe No. 1, is a plaintiff in one of the underlying lawsuits.  She is, based on information and belief, a citizen and resident of Texas.  She can be served with process by serving her attorney in her underlying lawsuit:  R. Daniel Sorey, Sorey, Gilliland & Hull, LLP, 109 W. Tyler Street, Longview, Texas 75601.

46.     Andrea Causey, individually and as next friend of T.C., a minor child, is a plaintiff in one of the underlying lawsuits.  She is, based on information and belief, a citizen and resident of Texas.  She can be served with process by serving her attorney in her underlying lawsuit:  M. Raymond Hatcher, Sloan Hatcher Perry Runge Robertson Smith & Jones, 101 East Whaley Street, Longview, Texas 75606.

47.     David Phillips and Joan R. Phillips, individually and as next friends of minors John Doe and James Doe, are plaintiffs in one of the underlying lawsuits.  They are, based on information and belief, citizens and residents of Texas.  They can be served with process by serving their attorney in their underlying lawsuit:  Benjamin T. Landgraf, McGehee, Chang, Landgraf, Feiler, 10370 Richmond Ave., Suite 1300, Houston, Texas 77042.

48.     G. G. is a plaintiff in one of the underlying lawsuits.  He is, based on information and belief, a citizen and resident of Texas.  He can be served with process by serving his attorney in the underlying lawsuit:  Justin A. Smith, Sloan Hatcher Perry Runge Robertson Smith & Jones, 101 East Whaley Street, Longview, Texas 75601.

## III.  JURISDICTION AND VENUE

49.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship among the parties to this lawsuit, which is a civil action between citizens of different states in which the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 2201.

50.     This Court has personal jurisdiction over all Defendants because, on information and belief, they are citizens and residents of Texas.

51.     With respect to all Defendants, the exercise of jurisdiction in Texas satisfies, and is consistent with, constitutional due process guarantees.  Defendants have sufficient minimum contacts with Texas and the exercise of jurisdiction in Texas comports with, and does not offend, traditional notions of fair play and substantial justice.  Texas courts may exercise both general jurisdiction and specific jurisdiction based on Defendants' contacts, contracts, activities and affiliations with and within the State of Texas.

52.     Venue is proper in the Eastern District of Texas, Tyler Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to MedPro's claims occurred in this judicial district.  For example, the underlying lawsuits are pending in state courts in Gregg County, Texas, which is located in this judicial district and division.

## IV.  RELEVANT POLICY PROVISIONS

53.     Condition 1 of the Policy requires Hipke to provide MedPro, with respect to the underlying lawsuits, "full information relative to the services rendered" and "any and all other papers relating to" the insurance coverage issues, disputed factual issues and/or disputed legal issues presented in the underlying lawsuits.

54.    Condition 2 of the Policy requires that:

"The Insured shall at all times fully cooperate with the Company in any claim hereunder and shall attend and assist in the preparation and trial of any such claim."

55.    Endorsement 793 defines the Named Insured in the Policy as "MATT E HIPKE

MD" at an address (or former address) on Walnut Hill Drive in Longview, Texas 75605-5663.

56.    Endorsement 430 is a Solo Corporation Coverage Endorsement, which states that:

"The following solo corporation or association is, in addition to the named insured, also Insured under this policy.  This addition shall not, however, in any way cause the Company to provide additional limits of liability per claim filed or annual aggregate beyond the stated limits of this policy. MATT E. HIPKE, M.D., PLLC DBA ADOLESCENT CARE TEAM."

57.    Endorsement 828 defines "claim" to mean "an express written demand for money

as compensation for civil damages."

58.    Endorsement 825 requires Hipke to "inform [MedPro] of any changes to his or

her practice."  The material changes within the scope of Hipke's duty to inform include, among

others, changes in "a specialty, procedure performed, or training" as well as "the revocation,

suspension, or restriction of the Insured's professional license" and/or "any criminal indictment."

When MedPro is made aware of a material change regarding Hipke's practice, this Endorsement

provides that Med Pro has the right to "exclude the new practice characteristics from coverage."

59.    Endorsement 828 includes the Policy's Insuring Agreement, which states that:

"In consideration of the payment of the premium and subject to the limits of liability and the other terms of this policy, the Company hereby agrees to defend and pay damages, in the name and on behalf of the Insured or his or her estate,

A.    In any claim … based upon professional services rendered, or which should have been rendered, after the retroactive date by the Insured … in the practice of the Insured's profession as hereinafter limited and defined."

60.     Endorsement 828 defines "professional services" as including:

>  5.(a)   "the rendering of medical, surgical, dental, or nursing services to a
>  patient and the provision of medical examinations, opinions, or
>  consultations regarding a person's medical condition within the Insured's
>  practice as a licensed health care provider…."

61.     The Policy limits and defines the Insured's profession as "INTER. MEDICINE,"
which means "internal medicine."

## V.  MEDPRO'S REQUEST FOR AND ENTITLEMENT TO DECLARATORY RELIEF

62.     MedPro files this declaratory judgment action pursuant to 28 U.S.C. §§ 2201-
2202.

63.     28 U.S.C. § 2201(a) states that "any court of the United States, upon the filing of
an appropriate pleading, may declare the rights and other legal relations of any interested party
seeking such declaration, whether or not further relief is or could be sought."

64.     Hipke has breached Condition 1 of the Policy.

65.     Hipke's breach of Condition 1 has prejudiced MedPro.

66.     Hipke has breached the cooperation clause of the Policy.

67.     Hipke's breach of the cooperation clause has prejudiced MedPro.

68.     MedPro is discharged from any obligations under the Policy.

69.     MedPro is entitled to exclude from coverage any material changes to Dr. Hipke's
practice as provided in the Policy.

70.     None of the claims asserted against Dr. Hipke in the underlying lawsuits fall
within the insuring clause of the Policy.

71.     Assuming otherwise, the plain language of the Policy operates to bar coverage for
the claims asserted against Dr. Hipke in the underlying lawsuits.

72.     No exception applies that could bring any claim asserted against Dr. Hipke back within the scope of coverage.

73.     None of the damages sought from Dr. Hipke in the underlying lawsuits are covered by the Policy.

74.     Assuming otherwise, the plain language of the Policy operates to bar coverage for the damages sought from Dr. Hipke in the underlying lawsuits.

75.     No exception applies that could bring any element of damage sought from Dr. Hipke back within the scope of coverage.

76.     None of the claims asserted against Hipke, PLLC in the underlying lawsuits fall within the insuring clause of the Policy.

77.     Assuming otherwise, the plain language of the Policy operates to bar coverage for the claims asserted against Hipke, PLLC in the underlying lawsuits.

78.     No exception applies that could bring any claim asserted against Hipke, PLLC back within the scope of coverage.

79.     None of the damages sought from Hipke, PLLC in the underlying lawsuits are covered by the Policy.

80.     Assuming otherwise, the plain language of the Policy operates to bar coverage for the damages sought from Hipke, PLLC in the underlying lawsuits.

81.     No exception applies that could bring any element of damage sought from Hipke, PLLC back within the scope of coverage.

82.     The underlying lawsuits do not allege or involve "professional services" as defined in the Policy.

83.    The underlying lawsuits do not allege or involve services rendered, or which should have been rendered, "in the practice of [Dr. Hipke's] profession" as limited and defined in the Policy.

84.    The underlying lawsuits do not allege or involve services rendered, or which should have been rendered, by Dr. Hipke as a licensed practitioner of internal medicine.

85.    MedPro does not owe Dr. Hipke a duty to defend the underlying lawsuits.

86.    The same reasons that negate the duty to defend likewise negate any possibility that MedPro will ever have a duty to indemnify Dr. Hipke.

87.     MedPro does not owe Dr. Hipke a duty to indemnify for any settlement or judgment relating to the underlying lawsuits.

88.    MedPro does not owe Hipke, PLLC a duty to defend the underlying lawsuits.

89.    The same reasons that negate the duty to defend likewise negate any possibility that MedPro will ever have a duty to indemnify Hipke, PLLC.

90.    MedPro does not owe Hipke, PLLC a duty to indemnify for any settlement or judgment relating to the underlying lawsuit.

91.    MedPro respectfully requests that this Court enter a declaratory judgment regarding the rights and other legal relations of the parties to this lawsuit under the Policy. Specifically, MedPro respectfully requests that this Court enter a declaratory judgment that MedPro has (a) no obligations under the Policy because Hipke has breached Condition 1 of the Policy and this breach has prejudiced MedPro, (b) no obligations under the Policy because Hipke has breached the cooperation clause of the Policy and this breach has prejudiced MedPro, (c) the right to exclude from coverage any material changes to Dr. Hipke's practice as provided in the Policy, (d) no duty to defend Dr. Hipke or Hipke, PLLC (or anyone else) in the underlying

lawsuits and/or (e) no duty to indemnify Dr. Hipke or Hipke, PLLC (or anyone else) for any

settlement or judgment relating to the underlying lawsuits.

WHEREFORE, PREMISES CONSIDERED, MedPro respectfully requests that

Defendants be cited to appear and to answer, and that this Court enter a declaratory judgment as set

out above.  MedPro also respectfully requests any other relief to which it is or may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.

_____/s/ Joseph R. Little_____

Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney in Charge for Plaintiff The Medical
Protective Company