IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY,  §<br>§<br>Plaintiff,  §<br>§<br>v.  §<br>§<br>MATT E. HIPKE and MATT E. §<br>HIPKE, MD PLLC d/b/a §<br>ADOLESCENT CARE TEAM, §<br>§<br>Defendants.  § | Case No. 6:22-cv-223-JDK |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

In this insurance coverage dispute, Plaintiff The Medical Protective Company ("MedPro") seeks a declaratory judgment that it has no duty to defend or indemnify certain claims under a policy issued to Defendants Matt E. Hipke and Matt E. Hipke, MD PLLC (collectively, "Hipke"). MedPro has moved for summary judgment. Docket No. 24. For the reasons explained below, the Court **GRANTS** the motion.

**I.**

Defendant Hipke is a Longview physician who specialized in internal medicine and marketed his services to adolescents. In October 2019, MedPro issued professional liability policy number 596193 to Matt E. Hipke, with Hipke PLLC as an additional insured. Docket No. 24, Ex. A. In five lawsuits, filed between October 2020 and September 2021, eleven former patients of Hipke have alleged that he engaged in inappropriate behavior and treatments, including allegations of sexual

abuse, under the guise of offering both medical care and wellness counseling. *See* Docket No. 1, Exs. 2–6. The suits remain pending in state court in Gregg County, Texas. Docket No. 24 at 2. Hipke has also been charged in at least three pending criminal cases. Docket No. 24, Ex. B.

Hipke submitted claims to MedPro seeking coverage for the underlying civil lawsuits. Docket No. 24, Ex. C at 1. Subject to various reservations of rights, MedPro retained counsel to represent Defendants and, to date, has provided more than $200,000 in defense costs. *Id.* at 8.

MedPro now seeks summary judgment that it owes Defendants neither a duty to defend nor a duty to indemnify under the policy.

## II.

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A fact is material only if it will affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if the evidence could lead a reasonable jury to find for the nonmoving party. *See id.* In determining whether a genuine issue of material fact exists, the Court views all inferences drawn from the factual record in the light most favorable to the nonmoving party, here Hipke. *Id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.

MedPro seeks declaratory judgment that it owes no duty to defend or indemnify Hipke as a matter of law because Hipke failed to cooperate as the policy requires.[1] Specifically, the policy requires that the insured "shall at all times fully cooperate with [MedPro] in any claim hereunder and shall attend and assist in the preparation and trial of any such claim." Docket No. 24, Ex. 1 at 6. The text of this clause creates two requirements for the insured: (1) to cooperate with MedPro in its investigation of a claim under the policy and (2) to cooperate in the defense of an underlying lawsuit based on such claim.

"It is well established under Texas law that an insured's breach of a cooperation provision relieves an insurer of liability on the policy." *See Phila. Indem. Ins. Co. v. Stebbins Five Cos.*, 2002 WL 31875596, at *5 (N.D. Tex. Dec. 20, 2002). However, "[a]n insured's failure to cooperate will not operate to discharge the insurer's obligations under the policy unless the insurer is actually prejudiced." *Martinez v. ACCC Ins. Co.*, 343 S.W.3d 924, 930 (Tex. App.—Dallas 2011, no pet.). While determining whether an insured failed to cooperate and prejudiced an insurer is generally a question of fact, summary judgment can be appropriate where undisputed facts sufficiently establish the failure to cooperate and resulting prejudice. *Vollandt v. Axis Ins. Co.*, 2022 WL 822020, at *8 (E.D. Tex. Mar. 17, 2022) (citing several Texas cases).

---

[1] MedPro also argues that the underlying lawsuits are not "claim[s] for damages . . . based on professional services," and are thus not covered by the policy. Docket No. 24 at 7–8. Because the Court finds that MedPro is entitled to summary judgment based on Hipke's failure to cooperate, the Court need not address this argument.

3

## A.

Here, the undisputed facts demonstrate that Hipke has failed to cooperate with MedPro in its investigation of Hipke's claims. In two depositions—a November 2021 deposition in one of the underlying civil lawsuits and in a deposition in this case by MedPro's coverage counsel—Hipke refused to answer every question posed. *See* Docket No. 1, Ex. 7; Docket No. 43, Ex. K. Instead, Hipke responded to each question by invoking his Fifth Amendment rights. *Id.* Notably, Hipke even refused to answer innocuous questions that pose no threat of self-incrimination, including, for example, "Are you a medical doctor?", "Are you married?", and "Do you have children?". Docket No. 43, Ex. K at 7.

Further, in June 2022, counsel for MedPro requested "all medical records, documents and information that establish the existence of a covered claim" related to the underlying lawsuits. Docket No. 24, Ex. C-3 at 3. Hipke's counsel provided no documents but referred MedPro to David Frost, Hipke's insurer-provided counsel in the underlying lawsuits. Docket No. 24, Ex. C-5.

An insured who refuses to be questioned under oath and to provide any of the documents requested by the insurer, as Hipke has here, fails to cooperate and therefore fails to comply with a condition precedent of the insurance contract as a matter of law. *Cooper v. Met. Lloyds Ins. Co. of Tex.*, 2018 WL 620206, at *4 (N.D. Tex. Jan. 30, 2018); *Wofford v. Allstate Ins. Co.*, 2005 WL 755761, at *3 (N.D. Tex. Apr. 4, 2005); *see also Kerr v. State Farm Fire & Cas. Co.*, 511 F. App'x 306, 307 (5th Cir. 2013) (reaching same conclusion under Louisiana law); *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 477 F. App'x 162, 166 (5th Cir. 2012) (same).

Hipke does not dispute that he refused to answer any questions or produce any documents concerning his claims. Rather, Hipke asserts that he should not be required to choose between his constitutional rights and his insurance coverage. Docket No. 38 at 19. But Hipke's Fifth Amendment right against self-incrimination does not absolve him of the duty to cooperate under the insurance policy. Rather, "[c]ourts have universally found that the insured cannot use the Fifth Amendment, on the one hand, to avoid the contractual obligation to cooperate with the insurance company in its investigation and, on the other hand, compel the insurance company to provide coverage." Steven Plitt & Jordan Ross Plitt, 1 Practical Tools for Handling Insurance Cases § 2:5 (citing numerous cases).[2] In other words, Hipke "may avoid incriminating [himself] by refusing to submit to relevant requests made by [the insurer] under the policy . . . although to do so may ultimately cost [him] insurance coverage." *Powell v. U.S. F & G Co.,* 88 F.3d 271, 274 (4th Cir.1996). That is the choice Hipke has made here.

Accordingly, the Court determines that Hipke has violated the first requirement of the cooperation clause by failing to cooperate with MedPro in investigating the claim.[3]

---

[2] Although the Court has found no Texas cases directly addressing this issue, Hipke cites no Texas cases contrary to this "universal" holding. Accordingly, the Court finds persuasive the majority view—that an insured may violate a policy's cooperation clause by invoking the Fifth Amendment.

[3] Because Hipke has violated the first requirement of cooperating with MedPro's investigation of the claims, the Court need not consider Hipke's second obligation to cooperate in the underlying lawsuits.

### B.

To discharge its policy obligations, MedPro must also show prejudice from Hipke's failure to cooperate. *Martinez*, 343 S.W.3d at 930. MedPro's Vice President of Claims, Anthony S. Ball, attests to the prejudice caused by Hipke's lack of cooperation in investigating Hipke's claims. Docket No. 24, Ex. C. Specifically, Hipke's multiple refusals to answer any questions "prevent MedPro from evaluating the claims asserted in these amended petitions for potential coverage." *Id.* at 6. MedPro's policy provides that it will defend, but not indemnify, claims involving a criminal act, willful tort, or sexual act. Docket No. 24, Ex. A at 1. Hipke's failure to cooperate, MedPro contends, "makes it impossible for MedPro to understand the context surrounding the claims in the current underlying petitions—and makes it impossible for MedPro to understand Dr. Hipke's intent and his professional (or other) reasons for doing what he is accused of doing." Docket No. 24, Ex. C at 6. As MedPro informed Hipke in a March 2022 letter, "your refusal to provide such evidence prevents MedPro from evaluating the potential defensibility, injury, and any damages, and prevents MedPro from assessing the Claims for any settlement." *Id.* at 2. In sum, MedPro has "been deprived of its right to evaluate these and other coverage issues so that it can determine whether . . . coverage exists for the claims asserted in the underlying cases." *Id.* at 7.

Hipke presents no contrary evidence. Accordingly, the Court concludes that MedPro has demonstrated prejudice as a matter of law in the investigation of Hipke's claims. *Hamilton*, 477 F. App'x at 166 (affirming summary judgment that insured's lack of cooperation prejudiced insurer where insurer lacked "material information it

6

need[ed] from the insured to adequately investigate a claim of loss"); *see also Johnson v. Geovera Specialty Ins. Co.*, 657 F. App'x 301, 304 (5th Cir. 2016) (explaining the purpose of a cooperation clause is to enable "the insurer to obtain relevant information concerning the loss while the information is fresh" and "to protect the insurer against fraud" (quoting *Hamilton*, 477 F. App'x at 165)); *Progressive Cnty. Mut. Ins. Co. v. Trevino*, 202 S.W.2d 811, 816 (Tex. App.—San Antonio 2006, pet. denied) (finding prejudice as a matter of law where insured refused to cooperate with insurer).

\* \* \*

Hipke's prejudicial failure to cooperate is a breach of his policy with MedPro and therefore relieves MedPro of its duty to defend Hipke for these claims. Because MedPro has no duty to defend, it also has no duty to indemnify. *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 324 (5th Cir. 2001) ("The duty to defend is broader than the duty to indemnify; if the insurer does not have a duty to defend the insured, then the insurer also does not have a duty to indemnify." (citing *Lay v. Aetna Ins. Co.*, 599 S.W.2d 684, 687 (Tex. App.—Austin 1980, writ ref'd n.r.e.))). Accordingly, the Court **GRANTS** MedPro's motion for summary judgment.

So **ORDERED** and **SIGNED** this **27th** day of **July, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE